_Benjamin A. Kahn_
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE
**Dated: March 17th, 2022**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Blackjewel, L.L.C., *et al.*, | : | Case No. 19-30289 |
| Debtors,[1] | : | (Jointly Administered) |
| | : | |

| | | |
|---|---|---|
| BLACKJEWEL, L.L.C., et al. | : | Adv. Proc. No. 3:20-ap-03008 |
| | : | (Consolidated) |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CLEARWATER INVESTMENT | : | |
| HOLDINGS, LLC, et al., | : | |
| | : | |
|     Defendants. | : | |
| | : | |

| | | |
|---|---|---|
| BLACKJEWEL, L.L.C., et al. | : | Adv. Proc. No. 3:20-ap-03012 |
| | : | (Consolidated) |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| LEXINGTON COAL COMPANY, | : | |
| LLC, et al., | : | |
| | : | |
|     Defendants. | : | |

---

[1] Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number were as follows: Blackjewel, L.L.C. (0823); Blackjewel Holdings L.L.C. (4745); Revelation Energy Holdings, LLC (8795); Revelation Management Corporation (8908); Revelation Energy, LLC (4605); Dominion Coal Corporation (2957); Harold Keene Coal Co. LLC (6749); Vansant Coal Corporation (2785); Lone Mountain Processing, LLC (0457); Powell Mountain Energy, LLC (1024); and Cumberland River Coal LLC (2213).  The Blackjewel Liquidation Trust (the "Trust") is the successor-in-interest to the Debtors as Plaintiffs for purposes of this action.

|  | : |  |
|--|---|--|
|  | : |  |
| BLACKJEWEL, L.L.C., et al. | : | Adv. Proc. No. 3:20-ap-03015 |
|  | : | (Consolidated) |
| Plaintiffs, | : |  |
| v. | : |  |
|  | : |  |
| TRIPLE H REAL ESTATE, LLC, et al., | : |  |
|  | : |  |
|  | : |  |
| Defendants. | : |  |

## ORDER REGARDING CONSOLIDATION AND SCHEDULING

This matter came before the Court upon the Parties Joint Statement Regarding Consolidation and Mediation (*e.g.*, Doc. #100, Adv. Proc. No. 3:20-ap-03008) (the "Joint Statement") and the February 17, 2022 scheduling conference in each of the above-captioned adversary proceedings. For good cause shown, and based on the statements and arguments of the parties regarding consolidation, **IT IS HEREBY ORDERED THAT:**

1. **Consolidation.** The above-captioned cases are consolidated for all pretrial purposes. Depositions taken in any of the individual adversary proceedings shall be treated as having been taken in all cases, including depositions taken prior to the date of this Order (as agreed by the parties and stated on the record at the February 17, 2022 conference). Future filings in the cases shall be made using the caption of Adv. Proc. No. 3:20-ap-03008 but, in the caption, shall include "Consolidated Cases Adv. Proc. No. 3:20-ap-03012 & Adv. Proc. No. 3:20-ap-03015."

2. **Trial Setting.** The above-captioned cases are consolidated for trial to the extent set forth in this Order. The cases are set for trial October 11-21, 2022 to take place in Charleston, West Virginia. This trial period will encompass all claims and issues in the consolidated cases that are not designated for a subsequent trial date pursuant to further order of the Court. As set forth in the parties' Joint Statement, claims and issues that may be set for a subsequent trial date include, but

are not limited to:  (a) claims for breach of contract against Lexington Coal Company, LLC for breach of the November 30, 2017 Asset Purchase Agreement and Permit Transfer Agreement (Count I in Adv. Proc. No. 3:20-ap- 03012) and the portions of claims for unjust enrichment, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and avoidance and recovery of allegedly fraudulent transfers that relate to the subject matter of the November 30, 2017 Asset Purchase Agreement and Permit Transfer Agreement; and (2) in Adv. Proc. No. 3:20-ap-03015, the portion of the counts for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, avoidance and recovery of allegedly fraudulent transfers, and unjust enrichment related to the subject matter of the formation of and dealings with Defendant Construction & Reclamation Services, LLC.

3. **Discovery Cutoff.**  As previously ordered by the Court, the discovery cutoff for these cases is March 18, 2022.

4. **Dispositive Motions.**  The deadline for filing any motion for summary judgment is April 18, 2022. Motions for summary judgment shall be governed by the following procedure.

    a. There shall be only one summary judgment motion per side (not separate motions by party or by claim).

    b. Any motion for summary judgment shall be accompanied by a brief or memorandum of law in support of the motion. The supporting brief or memorandum of law shall begin with a concise statement of uncontroverted material facts without argument. Each fact shall be set forth in a separately numbered paragraph. Each fact shall be supported by reference to the place in the record where the fact is established.

    c. Any memorandum of law in opposition to a motion for summary judgment shall be filed by May 9, 2022. The opposing brief or memorandum of law shall begin with a section that contains a concise listing of material facts as to which the opposing party contends a genuine issue of material fact exists without argument. Each material fact in dispute shall be set forth in a separate paragraph, shall refer specifically to those portions of the record upon which the opposing party relies, and, if applicable, shall state the paragraph number in the movant's list of facts that is disputed. **All facts set forth in the statement of the movant shall be deemed admitted for the purpose of the motion for summary judgment unless specifically controverted by the opposing party.**

d.  Any reply brief shall be filed by May 13, 2022.

e.  The failure to file a brief in support of a motion for summary judgment or response thereto within the time specified in this Order shall constitute a waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect. A motion for summary judgment unaccompanied by a required brief or memorandum of law may, in the discretion of the court, be summarily denied. A response unaccompanied by a required brief may, in the discretion of the court, be disregarded and the pending motion may be considered and decided as an uncontested motion.

f.  Each brief or memorandum of law in support of a motion for summary judgment, or in opposition thereto, is limited in length to 30 pages, not including any numbered statement of facts. Statements of fact shall be limited to 15 pages. Any reply brief or memorandum of law is limited in length to 15 pages.  The page limits reflected above shall include any portion of other papers incorporated by reference.  The page limitations may be exceeded only by leave of the Court.  Any motion to exceed the page limitations shall be filed not later than April 4, 2022.  The moving party's counsel shall confer with the non-moving party's counsel prior to filing such motion. The motion shall reflect the position of the non-movant.

g.  All memoranda must be on 8.5x11 inch paper. The text must be double-spaced, but quotations more than two lines long may be indented and single-spaced. Headings and footnotes may be single-spaced. Margins must be at least one inch on all four sides. Page numbers may be placed in the margins, but no text may appear there.  Either a proportionally spaced or monospaced face may be used. A proportional spaced face must be 12-point or larger. A monospaced face may not contain more than 10½ characters per inch. The font must be clearly legible as determined by the judicial officer to whom the motion is addressed. The following fonts are presumed legible: Times New Roman, Courier New, Arial, Century Gothic, Garamond, Georgia, and Century Schoolbook.

5.  **Mediation and Confidentiality**.  The parties are ordered to complete mediation by May 31, 2022.  By agreement of the parties, the Hon. Kevin Carey (Retired) is appointed as mediator. Furthermore, Judge Carey is authorized to request the assistance of Judge Kevin Huennekens with respect to any of his duties as mediator, subject to Judge Huennekens' availability, and in the sole discretion of Judge Carey.  Subject to his availability, the Court also has appointed Judge Carey as mediator in Adversary Pro. No. 3:20-ap-03007 (the "United Bank Adversary").  The structure of the mediation(s) and the identity of the participating parties to any session of mediation in the captioned adversary proceedings and the United Bank Adversary shall be left to the discretion of

Judge Carey.  Parties to any session of mediation shall share costs of that session equally.  Judge Carey shall determine what constitutes a "session" of mediation for purposes of this Order, and shall include such determination in his mediator report at the conclusion of the applicable mediation(s).  Judge Carey shall be compensated at the rate of $1,660 per hour as agreed by the parties and the mediator.  For purposes of determining the number of parties at any session of mediation, Plaintiffs shall be considered a single party, United Bank shall be considered a single party, and Defendants shall be collectively considered a single party. The mediation constitutes settlement discussions under Rule 408 of the Federal Rules of Evidence and the conduct and statements made in connection with the mediation shall be inadmissible in any proceeding in the bankruptcy case or adversary proceedings or other related cases or proceedings, and the parties agree that anything said or disclosed during conference and any document produced in connection with the conference that is not otherwise discoverable shall be kept confidential; provided, however, that nothing in this Paragraph 5 shall affect the admissibility or confidentiality of such matters: (a) in proceedings for sanctions under the Local Rules of this Court; (b) in proceedings to enforce or rescind a settlement of the action; (c) in disciplinary proceedings before the State Bar or any agency established to enforce standards of conduct for mediators or other neutrals; (d) in proceedings to enforce laws concerning juvenile or elder abuse; (e) to prevent the commission of a crime; (f) to prevent reasonably certain death or bodily harm; (g) to the extent necessary to prevent, mitigate, or rectify the consequences of criminal or fraudulent act under chapter 9 of title 18; or (h) to the extent necessary to obtain approval of any settlement reached.

6.  **Pretrial Motions.**  The parties shall file any motions in limine and other pretrial motions (other than dispositive motions governed by Paragraph 4 of this Order) by August 15, 2022.  The hearing for any such pretrial motions will take place on August 22, 2022 at 9:30 a.m. by

videoconference, subject to the rules and regulations of the Judicial Conference of the United States, Administrative Office of the United States Courts, and further orders of this Court.

7. **Final Pretrial Disclosures.**  On or before September 5, 2022, the parties shall file and serve all final pretrial disclosures. The final pretrial disclosures shall include:

   a. a statement of the contested issues remaining for trial;
   b. the identity of all witnesses who may be called at trial;
   c. a concise summary of the testimony which each witness is expected to present;
   d. a designation of witnesses whose testimony is expected to be presented by means of deposition;
   e. identification of all exhibits which may be offered at trial, with a copy of each exhibit attached to the disclosure form which is filed with the court; and
   f. a list of stipulated facts.

Pursuant to Fed. R. Civ. P. 26(a)(3) and Fed. R. Bankr. P. 7026, a statement of all objections to exhibits, depositions, and witnesses identified by the opposing party in its pretrial disclosures made pursuant to paragraph 5 above shall be filed and served within fourteen (14) days after service of the final pre-trial disclosures of the opposing party, and any objection not so made—except for one under Fed. R. Evid. 402 or 403—is waived unless excused by the court for good cause.

8. **Exhibits.**  Not later than September 26, 2022, the parties shall submit to the Court jointly created, tabbed binders containing all exhibits that any party may offer at trial.  These shall be mailed to the Clerk of Court for the U.S. Bankruptcy Court, Middle District of North Carolina, 101 S. Edgeworth Street, Greensboro, N.C. 27401.  Each tab shall consist of only one proposed exhibit. The exhibits shall be consecutively lettered or numbered, regardless of which party might introduce the exhibit at trial—that is, the lettering or numbering shall not re-start based upon which party anticipates possibly offering any particular exhibit. The binder containing the exhibits shall contain a table of contents. The table of contents shall list each exhibit by corresponding tabbed number or letter, state who anticipates presenting the exhibit at trial, and state whether the opposing party stipulates to the exhibit's admissibility. For each exhibit to which there is any objection other

than an objection based upon foundation, a succinct but specific statement of the bases for any objection(s) shall be stated in the table of contents, or those objections will be deemed waived under Fed. R. Civ. P. 26(a)(3). Such basis may be stated summarily, such as "hearsay," or "relevancy." Inclusion in the binder will not require any exhibit to be offered, nor will any exhibit become part of the evidence for purposes of trial unless offered and admitted. No other exhibits or form of exhibits than those in the joint binder will be permitted at trial except for rebuttal or upon a showing of good cause as to why such an exhibit was omitted from the binder.

9. **Proposed Findings of Fact and Conclusions of Law.**  On or before October 4, 2022, each party shall file Proposed Findings of Fact and Conclusions of Law. The Proposed Findings of Fact and Conclusions of Law shall: (a) set forth a summary of the evidence or a citation to the parties' stipulation of facts which the submitting party contends establishes each proposed finding of fact; and (b) case and statutory authority in support of each conclusion of law.  The Proposed Findings of Fact and Conclusions of Law shall, absent leave of court, be limited to 30 pages determined in the same manner as page limits for motion filings governed by Paragraph 4.  The Court may, in its discretion, permit supplementation of Proposed Findings of Fact and Conclusions of Law following trial.

10.  The Court shall conduct a final pretrial conference on August 22, 2022 at 9:30 a.m. by videoconference, subject to the rules and regulations of the Judicial Conference of the United States, Administrative Office of the United States Courts, and further orders of this Court.

11. **Retention of Jurisdiction.**  The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order, including any amendment or supplementation of this Order.

[END OF DOCUMENT]